IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE SHAFFER, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| CITY OF PITTSBURGH, | ) | |
| a municipal corporation, | ) | |
| NICHOLAS J. BOBBS, in his | ) | |
| official and individual capacities, | ) | |
| ANTONIO CIUMMO, in his | ) | |
| official and individual capacities, | ) | |
| JOHN and/or JANE DOE, in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | *Electronically filed.* |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DALE SHAFFER, by and through his attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and

MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Complaint in Civil Action

as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of various civil rights

guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in

furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating the Plaintiff's rights under the

Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).  Plaintiff further invokes the

pendant jurisdiction of this Court to consider claims arising under Count V.

4.      Venue is proper as all claims set forth herein arose in the Western District of
Pennsylvania and the Plaintiff, Dale Shaffer, resides in the Western District of Pennsylvania.

<u>PARTIES</u>

5.      Plaintiff, Dale Shaffer, is an adult male resident of the Commonwealth of Pennsylvania,
residing in Allegheny County, Pennsylvania.

6.      Defendant, City of Pittsburgh, is a Pennsylvania municipal corporation with
administrative offices located at 414 Grant Street, Fifth Floor, Room 512, Pittsburgh,
Pennsylvania 15219, and at all times relevant to this Complaint, acted by and through its
officials.  The City of Pittsburgh Bureau of Police is a division of Defendant City of Pittsburgh
empowered, to create and enforce municipal policy, including but not limited to charging
individuals with crimes.

7.      Defendant, Nicholas J. Bobbs ("Bobbs"), is a United States citizen.  Plaintiff believes that
the Defendant is a resident of the Commonwealth of Pennsylvania in Allegheny County.  At all
times relevant to this Complaint, the Defendant was a law enforcement officer employed by the
City of Pittsburgh Bureau of Police, purporting to act within the full scope of his authority and
office.

8.      Defendant, Antonio Ciummo ("Ciummo"), is a United States citizen.  Plaintiff believes
that the Defendant is a resident of the Commonwealth of Pennsylvania in Allegheny County.  At
all times relevant to this Complaint, the Defendant was a law enforcement officer employed by
the City of Pittsburgh Bureau of Police, purporting to act within the full scope of his authority
and office.

9.      Defendant(s), John and/or Jane Doe, unknown in name and number, were, at all times
relevant to this Complaint, employees of the City of Pittsburgh Bureau of Police and supervisors

to Defendants Bobbs and Ciummo.  Plaintiff believes, and therefore avers, that these

Defendant(s) participated in the illegal acts described hereinafter below.

FACTUAL ALLEGATIONS

*i. PNC Bank Robbery*

10.     On March 13, 2013, at approximately 2:45 p.m., a PNC Bank located at 2603 East

Carson Street, Pittsburgh, Pennsylvania, 15203, was robbed by an adult, Caucasian male.

11.     At the time that the robbery occurred, Plaintiff was helping a friend install insulation in a

house located at 672 Kessler Street, Pittsburgh, Pennsylvania 15210, approximately 2.7 miles

away from where the robbery occurred.

12.     The bank robber allegedly slid a note to a female teller of the bank, demanding that she

give him all of her money.  The teller handed the actor over $800.00 in cash.

13.     Two male employees of the PNC bank described above were alleged to have witnessed

parts of the events described above.  However, both employees only briefly viewed the bank

robber and neither was aware that a robbery was taking place until after it had occurred.

14.     The teller, the only person to have direct contact with the actor, described him as a 160

pound, 5'10" Caucasian with medium build, shoulder-length, curly, black hair, wearing big dark

sunglasses, being clean-shaven and having braces on his teeth.  At the time of the robbery,

Plaintiff was not clean-shaven and did not have braces.

15.     One of the male employees described the actor as a 5'8" to 6'2" Caucasian male, 20 to 30

years old, with dark, curly, shoulder-length hair and dark aviator sunglasses and having a slight

build.  This employee testified that he only glanced up at the robber, and that robber's face was

covered by big dark sunglasses and his long hair.

16.     The second male employee described the actor as having long dark and curly hair, and wearing dark sunglasses.  He also said that the actor was wearing a red and brown hooded sweatshirt.  (The surveillance video showed that the actor was wearing a light gray sweatshirt). This employee testified that he was in the back of the bank and on the phone when the robbery occurred and only saw the actor out of the corner of his eye.

17.     On March 14, 2013, City of Pittsburgh Police released a still photograph of the alleged bank robber captured from surveillance video at the bank to local media.

18.     On March 14, 2013, Plaintiff's estranged mother, who suffers from numerous mental disorders, contacted police to tell them that her son, the Plaintiff, matched the description of the bank robber.  After placing the phone call to police, Plaintiff's mother contacted the Plaintiff to tell him that she called the police and identified him as a possible suspect in the robbery.  Soon after talking to his mother, Plaintiff contacted the police and said he was willing to go to the appropriate police station to clear his name.  At that time, Plaintiff was informed that he did not need to go to the station.

19.     Plaintiff avers that the Defendants City of Pittsburgh, Bobbs, Ciummo and/or Doe(s) failed to insure the reliability of Plaintiff's mother's statement or Plaintiff's alibi at the time the robbery occurred.

20.     Instead Defendants Ciummo and Bobbs placed a photograph of Plaintiff in four photo-arrays, which displayed the same eight photographs in different order.

21.     The female employee, described in Paragraphs 12 and 14 above, who was the only witness to come in contact with the actor and able to get a clear look at his physical appearance, was unable to identify the Plaintiff in the photo-array.

22.     The two male employees, identified in Paragraphs 13, 15 and 16 above, both picked out the Plaintiff from the photo-arrays provided to them by Defendant Ciummo described above.

23.     Plaintiff avers that because the two male employees did not view the suspect's face during the robbery, their identification was and is unreliable.  Furthermore, Defendants Bobbs, Ciummo and/or Doe(s) knew or should have known that because these two eyewitnesses did not view the actor's face, any identification in the photo-array, which primarily shows facial features, was and is unreliable.

24.     Plaintiff also avers that the photo-array was unduly suggestive as he is the only person in the photo-array who had the shoulder-length, dark, curly hair that all of the witnesses described the bank robber as having.  Beyond curly hair, Plaintiff has no other physical characteristic included in the various witness descriptions of the actor.

25.     Defendant Ciummo did not instruct the eyewitnesses that the actor may not be pictured in the array or that the eyewitnesses were to choose the actual actor.

26.     On March 26, 2013, Defendants Bobbs, Ciummo and/or Doe(s) presented Plaintiff's parole officer, Richard Donnelly ("Donnelly"), with still photographs from the security footage of the bank showing the actor, and they asked Mr. Donnelly if the person shown in the photographs was Plaintiff.  Mr. Donnelly then identified the Plaintiff as the person shown in the security footage.  Thus, Defendants Bobbs, Ciummo and/or Doe(s), presented Mr. Donnelly with only one person as the possible suspect to a crime he had not witnessed.

27.     In the Affidavit of Probable Cause, Defendant Bobbs, as the affiant, stated that the reasons that he knew Plaintiff committed the crime were the identifications by the two male and one female employee described above.

28.     Defendant Bobbs intentionally or with reckless disregard for the truth omitted the following facts that any reasonable person would know a judge would want to know in making a probable cause determination:

    a.  the female employee initially described the actor as having braces on his teeth and the Plaintiff has never had braces on his teeth;

    b.  the female employee, the only person who had direct contact and a clear view of the robber's face, was unable to identify the Plaintiff in the photo-array;

    c.  the two male employees, the witnesses who identified the Plaintiff in the photo-array, only viewed the actor for seconds at most and did not have direct contact with the actor; and

    d.  the actor wore large sunglasses during the commission of the crime which covered a large part of his face, and his face was also partially covered by his long hair making identification extremely difficult.

29.     The Affidavit of Probable Cause was signed on March 27, 2013.  That same day, Mr. Donnelly called the Plaintiff and told him to come to his office.  Plaintiff was met at Mr. Donnelly's office by City of Pittsburgh police officers and placed under arrest. Defendant Bobbs charged the Plaintiff with two counts of robbery related to the March 13, 2013 robbery of PNC Bank.

30.     After his arrest, Plaintiff avers that Defendant Bobbs refused to inform him of when and where the crime with which he was charged with occurred.  Consequently, Plaintiff was unable to immediately give an alibi.  However, at all times, he informed Defendants Bobbs, Ciummo and/or Doe(s) of his innocence.   Plaintiff was subsequently detained at Allegheny County Jail.

*ii. Burglary of "Games N'At"*

31.     On March 17, 2013, Games N'At, a business located at 2010 Josephine Street, Pittsburgh, Pennsylvania, 15203, was burglarized.  The actor stole assorted video game equipment from Games N'At.

32.     Surveillance video showed that the actor of the burglary appeared to be the same person who robbed PNC Bank on March 13, 2013.

33.     Plaintiff's photograph was again placed in a photo-array and shown to an alleged eyewitness to the robbery.  This alleged eyewitness later became a co-defendant in the case after stolen items from the burglary were found in his possession.  Plaintiff avers that the line-up used was unusually suggestive because he is one of only two people shown with long hair.  The other longhaired person appears to be of Latino descent.

34.     Mr. Donnelly was shown still photographs from the surveillance video of this burglary, and he identified Plaintiff as the actor.  Again, Mr. Donnelly was presented with a one-person photo array relating to a crime he did not witness.

35.     On April 26, 2013, Plaintiff was arrested and charged with burglary of Games N'At. Plaintiff was arrested while incarcerated at Allegheny County Jail for the March 13, 2013, bank robbery.

36.     On June 18, 2013, Games N'At was burglarized a second time.  The video surveillance from the latest incident showed the same person who burglarized the business on March 17, 2014, and robbed PNC Bank on March 13, 2013.

37.     Because Plaintiff was detained at Allegheny County Jail at the time of the second burglary and could not have committed that crime, Plaintiff's charges stemming from the March 17, 2013, burglary were *nolle prossed*.

*iii. Trial*

38.     Although surveillance videos from the three incidents demonstrated a substantial likelihood that the same person committed all three crimes, Plaintiff's charges from the bank robbery were still pursued.

39.     Plaintiff avers that the charges from the bank robbery were still pursued upon the recommendation of Defendants Bobbs, Ciummo and/or Doe(s) after they knew or should have known that the only basis for prosecution was the unreliable and false witness testimony and identifications.

40.     Plaintiff's trial on the robbery charges began on February 3, 2014, and ended on February 4, 2014.  The jury deliberated for approximately fifteen minutes before returning a not guilty verdict.

41.     Plaintiff was detained at Allegheny County Jail from March 27, 2013, until February 4, 2014 (314 days).

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

MALICIOUS PROSECUTION, IN VIOLATION OF PLAINTIFF'S
CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983,
THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

42.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41 as though fully set forth at length herein.

43.     Defendants Bobbs, Ciummo and/or Doe(s) intentionally disregarded Plaintiff's alibi and the unreliability of the eyewitness identifications.  Furthermore, Defendant Ciummo constructed and administered suggestive photo-arrays in order to obtain a false identification of the Plaintiff.

Subsequently, Defendant Bobbs intentionally, or with reckless disregard for the truth, omitted facts that any reasonable person would know that a judge would want to know in making a probable cause determination. *See* Para. 28 *supra*.  As a result, Plaintiff endured great hardship and was deprived of his rights as guaranteed to him by the United States Constitution.

44.     Defendant City of Pittsburgh, acting through Defendant(s) John and/or Jane Doe and the City of Pittsburgh Bureau of Police, subsequently ratified the conduct of Defendants Bobbs and Ciummo by allowing them to file charges against Plaintiff without any legal basis, and, further, permitted the malicious prosecution of the Plaintiff.

45.     As described above, the arrest, seizure and subsequent prosecution of the Plaintiff, constitutes a malicious prosecution of the Plaintiff by the Defendants, and each of them, in violation of the Plaintiff's rights under U.S.C. §1983, as well as the Plaintiff's rights under the Fourth Amendment to the United States Constitution, to wit, Plaintiff's right to be free from malicious prosecution.

46.     The actions of the Defendants, and each of them, constitute malicious prosecution in that:

A.     The Defendants initiated criminal proceedings against the Plaintiff;

B.     The criminal proceedings ended in Plaintiff's favor;

C.     The investigation, arrest, seizure and prosecution of the Plaintiff were all initiated without probable cause;

D.     The Defendants acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

E.     Plaintiff suffered an unlawful seizure of his person, thereby depriving of liberty in the following particulars:

1.      the Plaintiff was arrested;

2.      the Plaintiff was incarcerated in the Allegheny County Jail for a period of 314 days; and

3.      the Plaintiff was required to attend his trial.

47.     The actions of Defendants Bobbs, Ciummo and Doe in investigating, arresting, seizing and prosecuting the Plaintiff on claims of robbery, as aforementioned, were deliberately false and/or undertaken with reckless disregard for the truth in this matter.

48.     The failure to question the reliability of the witnesses who only saw the actor for seconds at most, the intentional construction of suggestive photo-arrays and the omissions in the Affidavit of Probable Cause demonstrate a knowing or reckless disregard of the truth in the matter and renders the arrest and prosecution of Plaintiff unlawful.

49.     The absence of probable cause, the existence of a constitutionally deficient investigation and the Defendants' reckless disregard for the truth in this matter are sufficient to constitute malice on the part of the Defendants, and each of them.

50.     The arrest and seizure of the Plaintiff constituted an unlawful seizure of the Plaintiff in violation of 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

51.     The subsequent prosecution of the Plaintiff by Defendants Bobbs, Ciummo and Doe constitutes a violation of Plaintiff's rights under the Fourth Amendment.  The prosecution of the Plaintiff in this matter was undertaken and assisted by the individual Defendants, and each of them, without probable cause and was undertaken and supported by their assistance when they knew or should have known that no reasonable basis existed for the arrest and/or prosecution of the Plaintiff.

52.     Plaintiff believes and therefore avers that the actions of the Defendants were undertaken without proper judicial approval.

53.     Defendants knew or should have known through the exercise of reasonable caution that no reasonable basis existed for the aforementioned criminal charges to be brought against the Plaintiff.  Therefore, the investigation, arrest, seizure and prosecution of the Plaintiff regarding these claims were without probable cause and/or reasonable basis.

54.     The actions of the Defendants, and each of them, were done under the color and pretense of law.

55.     The actions of the Defendants, and each of them, as aforementioned, constitute an arbitrary and unconscionable abuse of government authority by the Defendants.

56.     As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

> A.     his right under the Fourth Amendment of the Constitution of the United States to be free from malicious prosecution was violated;
>
> B.     he was subjected to physical pain and suffering, together with other damages all of which may be permanent in nature, including but not limited:
>
>> 1.     severe emotional distress;
>>
>> 2.     various physical maladies, including but not limited to, sleeplessness, depression and irritability;
>>
>> 3.     loss of the support, society and companionship of Plaintiff's family and friends;
>>
>> 4.     fright, horror and shock;
>>
>> 5.     emotional trauma and suffering;
>>
>> 6.     loss of income and benefits;
>>
>> 7.     economic damages related to any consequential costs;

8.      irreparable damage to Plaintiff's reputation; and

9.      loss of the company and companionship of his family.

57.     The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Dale Shaffer, demands judgment against the Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

FALSE ARREST, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

58.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 57 as though fully set forth at length herein.

59.     The arrest and seizure of the Plaintiff by Defendants Bobbs, Ciummo and Doe without probable cause, as aforementioned, constitutes false arrest and is a violation of Plaintiff's rights against arrest without probable cause and unlawful seizure as guaranteed to him by the Fourth Amendment to the United States Constitution.

60.     Defendant City of Pittsburgh, acting through Defendant(s) John and/or Jane Doe and the City of Pittsburgh Bureau of Police, subsequently ratified the conduct of Defendants Bobbs and

Ciummo by allowing them to file charges against Plaintiff without any legal basis, and further permitted the false arrest of the Plaintiff.

61.    The failure of the Defendants to question the reliability of the witnesses who only saw the actor for seconds at most, the intentional construction of suggestive photo-arrays and the omissions in the Affidavit of Probable Cause demonstrate a knowing or reckless disregard for the truth in this matter, and renders the arrest of Plaintiff unlawful.

62.    The Defendants' conduct mentioned hereinbefore above led to a constitutionally deficient investigation that ultimately resulted in Plaintiff's false arrest.

63.    The actions of the Defendants, and each of them, in investigating, arresting and seizing and prosecuting the Plaintiff, as aforementioned, constituted an arbitrary and unconscionable abuse of government authority by the Defendants.

64.    As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

     A.    his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person and wrongful arrest were violated;

     B.    he was subjected to physical pain and suffering, together with other damages all of which may be permanent in nature, including but not limited:

         1.    severe emotional distress;

         2.    various physical maladies, including but not limited to, sleeplessness, depression and irritability;

         3.    loss of the support, society and companionship of Plaintiff's family and friends;

         4.    fright, horror and shock;

         5.    emotional trauma and suffering;

         6.    loss of income and benefits;

7.     economic damages related to any consequential costs;

8.     irreparable damage to Plaintiff's reputation; and

9.     loss of the company and companionship of his family.

65.    The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Dale Shaffer, demands judgment against the Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. ALL DEFENDANTS

FALSE IMPRISONMENT, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

66.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 65 as though fully set forth at length herein.

67.    Plaintiff's subsequent detainment pursuant to his false arrest constitutes false imprisonment of the Plaintiff and is a violation of Plaintiff's rights as guaranteed to him by the Fourth Amendment to the United States Constitution.

68.    Plaintiff was detained at Allegheny County Jail from March 27, 2013, until February 4, 2014 (314 days).

69.     The actions of the Defendants in investigating, arresting and seizing and prosecuting the Plaintiff as aforementioned, constituted an arbitrary and unconscionable abuse of government authority by the Defendants.

70.     As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

    A.     his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

    B.     he was subjected to physical pain and suffering, together with other damages all of which may be permanent in nature, including but not limited:

        1.     severe emotional distress;

        2.     various physical maladies, including but not limited to, sleeplessness, depression and irritability;

        3.     loss of the support, society and companionship of Plaintiff's family and friends;

        4.     fright, horror and shock;

        5.     emotional trauma and suffering;

        6.     loss of income and benefits;

        7.     economic damages related to any consequential costs;

        8.     irreparable damage to Plaintiff's reputation; and

        9.     loss of the company and companionship of his family.

71.     The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

    WHEREFORE, for all the above reasons, the Plaintiff, Dale Shaffer, demands judgment against the Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand

($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. INDIVIDUAL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, 42 U.S.C. §1983, CONSPIRACY

72.     The Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73.     Defendants Bobbs, Ciummo and/or Doe(s) conspired with each other to engage in unjust and illegal acts against the Plaintiff, and thereby to deprive the Plaintiff of his rights and privileges under the Constitution and did, as a direct and proximate result of their actions in furtherance of said conspiracy, injure the Plaintiff and deprive him of said rights and privileges in violation of 42 U.S.C. §1983.

74.     The individual Defendants agreed, as evidenced by their actions, to deprive the Plaintiff of his rights as more fully described hereinabove.

75.     Defendants Bobbs, Ciummo and/or Doe(s) intended to maliciously prosecute, unlawfully arrest and unlawfully imprison the Plaintiff by acting in concert with one another .

76.     The individual Defendants' conspiracy continues until present day to the extent that Defendants Bobbs, Ciummo and/or Doe(s) continue to attempt to conceal their actions on the dates in question.

77.     Defendants Bobbs, Ciummo and/or Doe(s) are liable to the Plaintiff for conspiracy to violate his constitutional rights as more fully set forth below:

A.    his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

B.    he was subjected to physical pain and suffering, together with other damages all of which may be permanent in nature, including but not limited:

1.    severe emotional distress;

2.    various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3.    loss of the support, society and companionship of Plaintiff's family and friends;

4.    fright, horror and shock;

5.    emotional trauma and suffering;

6.    loss of income and benefits;

7.    economic damages related to any consequential costs;

8.    irreparable damage to Plaintiff's reputation; and

9.    loss of the company and companionship of his family.

78.    Defendants Bobbs, Ciummo and/or Doe(s) further conspired to conceal and distort the facts of the incidents as described above, denied the Plaintiff the equal protection of the laws and deprived the Plaintiff of his rights and privileges under the Constitution, and did, as a direct and proximate result of their actions in furtherance of said conspiracy, injure the Plaintiff as more fully described hereinabove and deprive the Plaintiff of said rights and privileges in violation of 42 U.S.C. §1983.

WHEREFORE, for all the above reasons, the Plaintiff, Dale Shaffer, demands judgment against the Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand

($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED


COUNT V:

PLAINTIFF v. INDIVIDUAL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 78 as though fully set forth at length herein.

80.     The investigation of the Plaintiff, the illegal arrest and seizure and the criminal charges and prosecution brought against the Plaintiff, as described hereinbefore above, were all undertaken, initiated or instituted by the Defendants, and each of them.

81.     The actions of the Defendants were:

        A.     intentional;

        B.     extreme;

        C.     outrageous;

        D.     without privilege; and

        E.     without justification.

82.     The Defendants intended to inflict emotional distress upon the Plaintiff, or the Defendants knew, or should have known through the use of ordinary caution, that their conduct would result in the emotional distress of the Plaintiff.

83.     Plaintiff's emotional distress from the conduct of the Defendants, as aforementioned, was foreseeable and certain.

84.    As a direct and proximate result of the actions of the Defendants, Plaintiff suffered emotional distress and physical injuries as described more fully above and below.

85.    As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

A.    his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

B.    he was subjected to physical pain and suffering, together with other damages all of which may be permanent in nature, including but not limited:

1.    severe emotional distress;

2.    various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3.    loss of the support, society and companionship of Plaintiff's family and friends;

4.    fright, horror and shock;

5.    emotional trauma and suffering;

6.    loss of income and benefits;

7.    economic damages related to any consequential costs;

8.    irreparable damage to Plaintiff's reputation; and

9.    loss of the company and companionship of his family.

86.    The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Dale Shaffer, demands judgment against the Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand

($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

                    Respectfully submitted,

                    LAW OFFICES OF JOEL SANSONE

                    s/ Joel S. Sansone
                    PA ID No. 41008
                    Three Gateway Center, Suite 1700
                    401 Liberty Avenue
                    Pittsburgh, Pennsylvania 15222
                    412.281.9194

                    s/ Massimo A. Terzigni
                    PA ID No. 317165
                    Three Gateway Center, Suite 1700
                    401 Liberty Avenue
                    Pittsburgh, Pennsylvania 15222
                    412.281.9194

Dated:  December 11, 2014