IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DALE SHAFFER, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 14-1674 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell/ |
| | ) | Chief District Judge Joy Flowers Conti |
| CITY OF PITTSBURGH, NICHOLAS J. | ) | |
| BOBBS, ANTONIO CIUMMO, and JOHN | ) | |
| and/or JANE DOE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CONTI**, Chief District Judge.

Plaintiff Dale Shaffer ("Plaintiff") commenced the present action on December 11, 2014. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rules of Court 72.C and 72.D.

Defendants City of Pittsburgh, Nicholas J. Bobbs, and Antonio Ciummo (collectively "Defendants") filed a motion to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss [ECF No. 20]. The magistrate judge's Report and Recommendation [ECF No. 25] submitted July 7, 2015 recommended that Defendants' motion to dismiss be granted and Plaintiff's claims be dismissed. Service of the Report and Recommendation was made on all parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, they had until July 22, 2015 to file any objections. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on July 22, 2015 [ECF No. 26], to which Defendants responded on August 4, 2015 [ECF No. 27].

Plaintiff objects to the Report and Recommendation on five separate grounds: (1) the magistrate judge found that probable cause existed for Plaintiff's arrest because the evidence

1

omitted from the affidavit of probable cause for the arrest warrant was not "fundamental"; (2) the magistrate judge found that there was probable cause for Plaintiff's arrest because of the eyewitness identifications; (3) the magistrate judge found that Plaintiff failed to state a claim for conspiracy; (4) the magistrate judge found that Plaintiff failed to state a claim for intentional infliction of emotional distress; (5) and the magistrate judge found that Plaintiff failed to state a claim for municipal liability because he failed to state a constitutional violation. *See* Obj. [ECF No. 26] at 2.

Plaintiff first objects to the Report and Recommendation on the ground that the magistrate judge ignored controlling precedent in making his recommendation to dismiss Plaintiff's claims for malicious prosecution, false arrest and false imprisonment. Plaintiff argues that the omission of certain facts in the affidavit of probable cause should have been considered in the recommendation and the failure to do so is reversible error. Plaintiff also objects that the magistrate judge failed to consider his claims in the light most favorable to him. The court will address these objections together.

As set forth at length in the Report and Recommendation, under controlling precedent, assertions omitted from an affidavit of probable cause are omitted with reckless disregard for the truth when such omitted facts are material and it is reasonable that a judge would want to know those facts in making a probable cause determination. *See Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010); Rep. and Rec. [ECF No. 25] at 9-13. The magistrate judge was correct in determining that the omitted facts were immaterial, using the standard set forth in *Kelly v. Jones*, No. 14-CV-4317, 2015 WL 1759213, at *5 (E.D.Pa. Apr. 17, 2015), and *Romero v. Fay*, 45 F.3d 1472, 1477 (10th Cir. 1995). The omitted facts were open for interpretation because the facts dealt with credibility of witnesses. While the female witness was unable to identify Plaintiff in the photo-array, his mother and his probation officer identified him from the still photograph.

Even if the female witness' inability to identify Plaintiff from the photo-array and the other information that was omitted had been included in the affidavit of probable cause, a reasonable judge still would have found probable cause existed. The magistrate judge was correct in recommending that there was substantial independent evidence in viewing the totality of the circumstances, including two corroborative identifications and two eyewitness identifications, for a finding of probable cause. Probable cause turns on whether a reasonable person in the officer's position could have concluded based on the knowledge at the time the affidavit was sworn that Plaintiff could have committed a crime. *See Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) (quoting *Orsatti*, 71 F.3d at 483); Rep. and Rec. [ECF No. 25] at 9-10. Here, Plaintiff's mother, whose mental state was not alleged to be known by the affiant, identified him as the PNC Bank burglary suspect, two eyewitnesses identified him as the suspect and his parole officer corroborated his identity by viewing a surveillance photo. All these facts would lead a reasonable person to believe that Plaintiff committed the PNC Bank burglary. Because a court must focus on the information available to officers at the time of the arrest in determining whether probable cause existed, and "'not on whether the information resulted from exemplary police work[,]'" it is clear that probable cause existed in the affidavit of probable cause for Plaintiff's arrest warrant. Rep. and Rec. [ECF No. 25] at 13 (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995)). Accordingly, Plaintiff's objections are without merit and overruled.

Because the court adopts the magistrate judge's conclusion that there were insufficient factual allegations to plausibly infer that probable cause was lacking for Plaintiff's arrest, Plaintiff's remaining objections regarding the dismissal of his claims for conspiracy, intentional infliction of emotional distress and municipal liability are likewise without merit and overruled.

This court concludes that based upon factual allegations in the complaint probable cause existed for Plaintiff's arrest. By reason of the specificity of the factual allegations in the complaint

3

the court cannot discern that there could be other factual allegations plaintiff could assert to permit a reasonable inference that probable cause did not exist. Under those circumstances amendment would be futile and Plaintiff's complaint is necessarily dismissed with prejudice. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

An appropriate order will be entered.

Dated: August 14, 2015          /s/ Joy Flowers Conti
                                Joy Flowers Conti
                                Chief United States District Judge

cc:     The Honorable Robert C. Mitchell
        United States District Court
        Western District of Pennsylvania

        *Counsel for Plaintiff*
        Joel S. Sansone, Esquire
        Massimo A. Terzigni, Esquire
        Law Offices of Joel Sansone
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, PA 15222

        *Counsel for Defendant City of Pittsburgh*
        Lourdes Sanchez Ridge, Esquire
        Michael E. Kennedy, Esquire
        City of Pittsburgh Department of Law
        313 City-County Building
        414 Grant Street
        Pittsburgh, PA 15219

        *Counsel for Defendant Nicholas J. Bobbs and Antonio Ciummo*
        Bryan Campbell, Esquire
        Allison N. Genard, Esquire
        330 Grant Street
        Suite 2330
        Pittsburgh, PA 15219